UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.223.103.234,<br><br>    Defendant. | Case No. 18-cv-01173-TSH<br><br>**ORDER FOR REASSIGNMENT WITH REPORT & RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT**<br><br>**FILED UNDER SEAL**<br><br>Re: Dkt. No. 29 |

## I. INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), seeks entry of default judgment against Defendant [REDACTED] for failure to plead or otherwise defend against Strike 3's First Amended Complaint ("FAC"). In its motion, as revised in supplemental briefing, Strike 3 requests an award of statutory damages of $9,000.00, an award of $1,263.66 in costs, and a permanent injunction. Defendant has neither appeared nor opposed the motion. Because no consent to magistrate judge jurisdiction has been filed by Defendant, the Clerk of Court shall **REASSIGN** this case to a district judge for disposition. After carefully reviewing the motion and controlling authorities, the undersigned **RECOMMENDS** the District Court **GRANT** the motion for the following reasons.

## II. BACKGROUND

On February 22, 2018, Strike 3 filed the Complaint alleging that Defendant used the BitTorrent file network to illegally download and distribute Strike 3's copyrighted motion pictures. Compl., ECF No. ¶ 23. The Complaint alleged that Defendant had infringed 27 copyrighted works, 12 of which had been registered with the Copyright Office and 15 of which had pending applications. *Id.*, Ex. A; *see also* ECF No. 34 at 3-4 (explaining that the works in Ex. A that had a CRO number beginning with "PA" were registered and the rest were pending

applications).

BitTorrent is a system designed to quickly distribute large files over the Internet. *Id.* ¶ 17. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users. *Id.* Every digital file has one single possible cryptographic hash value correlating to it. *Id.* ¶ 20.

Strike 3's investigator, IPP International U.G. ("IPP") established direct TCP/IP connections with Defendant's IP address while he was using the BitTorrent file distribution network. *Id.* ¶ 24. IPP downloaded a full copy of each digital media file from the BitTorrent file distribution network, and was allegedly able to confirm "through independent calculation that the file hash, correlating to each file matched the file hash downloaded" by Defendant. *Id.* ¶ 26. While Defendant was infringing, IPP downloaded from him 27 digital media files containing Strike 3's motion pictures. Exh. A, Compl., ECF No. 1-1.

The digital media files were verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Strike 3's corresponding original copyrighted motion pictures. *Id.* ¶ 29. At no point did Strike 3 authorize, permit or consent to Defendant's distribution of its works, expressly or otherwise. *Id.* ¶ 28.

The Complaint alleges the following violations by Defendant: reproducing its motion pictures in copies, in violation of 17 U.S.C. §§ 106(1) and 501; distributing copies of its motion pictures to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; performing the copyrighted motion pictures, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the motion pictures' images in any sequence and/or by making the sounds accompanying the motion pictures audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display; and, displaying the motion pictures, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the them non-sequentially and transmitting said display by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

1    Because the subscriber's identity was initially unknown to Strike 3, it filed an Ex Parte
2    Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. ECF
3    No. 7. In its application Strike 3 requested the Court's authorization to serve discovery on the
4    Defendant's Internet Service Provider ("ISP"). *Id.* The Court granted this motion on March 7,
5    2018. ECF No. 8. Pursuant to the issuance of a third-party subpoena, Defendant's ISP disclosed
6    the subscriber's identity. Decl. of Lincoln D. Bandlow ("Bandlow Decl.") ¶ 3, ECF No. 29-1.
7    Defendant was the renter listed at the address provided by his ISP, Comcast. First Amended
8    Complaint ("FAC") ¶ 33, ECF No. 17.

9    On July 12, 2018, Strike 3 filed its FAC against Defendant to include his identity. ECF
10   No. 16.[1] Strike 3 served Defendant with a Summons and the FAC on July 24, 2018. Certificate of
11   Service, ECF No. 23. Defendant failed to plead or defend against the FAC. On October 3, 2018,
12   pursuant to Fed. R. Civ. P. 55(a), Strike 3 filed and served an application for the entry of default
13   against Defendant. ECF No. 21. On October 23, 2018 the Clerk entered default as to Defendant.
14   ECF No. 24. With no appearance from Defendant, Strike 3 filed the present motion, ECF No. 29,
15   and served it on Defendant, ECF No. 30-2. Consistent with Ninth Circuit law at the time, *see*
16   *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010), Strike 3 moved
17   for default judgment on both the copyrights that had been registered with the Copyright Office and
18   the copyrights whose applications were pending at the time the Complaint was filed. *See* ECF No.
19   29 at 5 (motion seeking the statutory minimum of $750 per infringed work) & ECF No. 28-2 at 3
20   (proposed order seeking $20,250 in statutory damages, which is $750 x 27).

21   On March 4, 2019, the Supreme Court decided *Fourth Estate Public Benefit Corp. v. Wall-*
22   *Street.com, LLC*, No. 17-571, 2019 WL 1005829 (U.S. March 4, 2019), holding that a copyright
23   owner may sue for infringement only after the Copyright Office registers a copyright, rejecting the
24   Ninth Circuit's previous holding that submitting the application was sufficient. That day this
25   Court issued an order requiring Strike 3 to "identif[y] which of the applications were registered by

---

[1] Because of the adult nature of Strike 3's motion pictures, all references to the Defendant's name and address have been filed under seal. The Court similarly redacts that information in the public version of this report and recommendation.

the Copyright Office at the time this lawsuit was filed." ECF No. 33. Strike 3's response identified the 12 that had been registered at the time the Complaint was filed. ECF No. 34 at 3. The concluding sentence of Strike 3's response states: "For the foregoing reasons, Plaintiff respectfully requests that the Court *grant default as to the twelve registered copyrights* in the works listed in the first list set forth above." *Id*. at 5 (emphasis added). The Court interprets this statement to mean that Strike 3 has narrowed its request for the entry of default judgment to just those 12 registered copyrights and is no longer seeking entry of default judgment as to all 27 works.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted)). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV*, 503 F.3d at 854. Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute

concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Jurisdiction and Service of Process

#### 1. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Strike 3 brought its claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). These claims arise under federal law; thus, the Court has subject matter jurisdiction.

#### 2. Personal Jurisdiction

##### a. Basis for Personal Jurisdiction

To enter default judgment, the Court must have a basis for the exercise of personal jurisdiction over the defendant in default. *In re Tuli*, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Traditional bases for conferring a court with personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within the forum state, or a defendant's citizenship or domicile in the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction is proper. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by

specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Defendant resides within this District at [REDACTED]. FAC ¶ 11. Because Defendant is domiciled within the state, the Court may exercise personal jurisdiction over the defendant.

### b. Service of Process

Personal jurisdiction also requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Here, Strike 3 served Defendant with the Summons and FAC at his residence on July 24, 2018. *See* Certificate of Service, ECF No. 22. Moreover, Defendant is not a minor or an otherwise incompetent person, so no exemption to personal service applies. Thus, service under Fed. R. Civ. P. 4(e) was proper.

## B. *Eitel* Factors

Applying the seven *Eitel* factors, the undersigned finds default judgment is warranted in favor of Strike 3.

### 1. The Possibility of Prejudice

The first factor the Court considers is the possibility of prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. Courts have held that prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy. *See, e.g., IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010).

This factor favors Strike 3 because absent entry of a default judgment, Strike 3 has no other means to stop Defendant's infringement or obtain compensation for violations of its copyrights. "If [Plaintiff's] motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Accordingly, this factor weighs in Strike 3's favor.

### 2. Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of the substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. "Together, these factors require that plaintiff assert claims upon which it may recover." *IO Grp.*, 708 F. Supp. 2d at 989 (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003)).

Strike 3's allegations in the First Amended Complaint support its copyright infringement claim. It is well-settled that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 361 (1991). In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews*, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (citation omitted). Strike 3's FAC alleges that it has registered copyrights in the 12 motion pictures now at issue in this motion. ECF No. 17-1. Additionally, Strike 3 alleges that Defendant willfully copied and distributed the constituent elements of Strike 3's works using the BitTorrent protocol, which it established through IPP's investigation. ECF No 17-1; FAC ¶ 23. These allegations are taken as true where Defendant has failed to respond to them. *See TeleVideo Sys.*, 826 F.2d at 917–18.

This Court has previously accepted similar claims in default judgment actions. In *Cobbler Nevada, LLC v. Inglesias*, where the plaintiff made similar allegations as Strike 3, the Court held that the rightsholder had made its prima facie case for copyright infringement over the BitTorrent network. *Cobbler Nevada, LLC v. Inglesias*, No. 15-CV-05313-EDL, 2016 WL 8453643, at *2 (N.D. Cal. Dec. 16, 2016), *report and recommendation adopted*, No. 15-CV-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017).

Strike 3's substantive claim is meritorious, and its complaint is sufficient. Therefore, these factors weigh in favor of entry of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Dr. JKL Ltd., v. HPC IT Educ. Ctr.*, 749 F.

7

1   Supp. 2d 1038, 1050 (N.D. Cal. 2010) (citation and quotation marks omitted).  When the amount
2   at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment
3   is disfavored.  *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the
4   plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).
5   "However, when the sum of money at stake is tailored to the specific misconduct of the defendant,
6   default judgment may be appropriate."  *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal.
7   2014).

8   Pursuant to 17 U.S.C. § 504, a copyright owner may elect to recover an award of statutory
9   damages in an amount "not less than $750 or more than $30,000 as the court considers just," per
10  infringed work.  17 U.S.C. § 504(c)(1).  Moreover, "[i]n a case where the copyright owner
11  sustains the burden of proving, and the court finds, that infringement was committed willfully, the
12  court in its discretion may increase the award of statutory damages to a sum of not more than
13  $150,000."  *Id.* (c)(2).  Strike 3's FAC seeks statutory damages under the Copyright Act's
14  statutory damages provision, and the amount at issue therefore consists of discretionary awards
15  bounded by statutory minimums and maximums.  *Pearson Educ., Inc. v. Wong*, No. CV 09-1889
16  SC, 2010 WL 476685, at *6 (N.D. Cal. Feb. 3, 2010) (citing 17 U.S.C. § 504(c)).  "The
17  discretionary nature of the amount at issue favors default judgment."  *Id.* (citing *Elektra Entm't*
18  *Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)).

19  Courts have routinely held that an award of minimum statutory damages is reasonable and
20  appropriate.  *UMG Recordings, Inc. v. Sanchez*, No. C 06-03457JSW, 2007 WL 485955, at *2
21  (N.D. Cal. Feb. 12, 2007) ("Because plaintiffs seek only the minimum statutory damages available
22  under the statute, the request is ascertainable and reasonable."); *Elektra Entm't Grp., Inc. v. Keys*,
23  No. C 006-2047 SBA, 2007 WL 81912, at *2 (N.D. Cal. Jan. 9, 2007) (same); *Criminal Prods.,*
24  *Inc. v. Gunderman*, No. C16-1177-RAJ, 2017 WL 3297518, at *4 (W.D. Wash. Aug. 1, 2017)
25  ("[T]he Court remains convinced that the statutory minimum of $750 is the appropriate award in
26  this case as to each Defendant."); *Priority Records LLC v. Rodriguez*, No. CVF060484AWILJO,
27  2007 WL 120033, at *3 (E.D. Cal. Jan. 11, 2007), *report and recommendation adopted*, No. CV F
28  06-0484AWILJO, 2007 WL 416093 (E.D. Cal. Feb. 5, 2007) ("As plaintiffs seek minimum

8

statutory damages […], their statutory damages request is reasonable and proper."). "Here, [Plaintiff] [is] seeking only the minimum statutory damages. Accordingly, [Plaintiff's] request for statutory damages is reasonable and appropriate in this case." *LaFace Records v. Khan*, No. C 08-1043 PJH (JL), 2008 WL 11395481, at *3 (N.D. Cal. Nov. 19, 2008), *report and recommendation adopted, Laface Records, LLC v. Khan*, No. C 08-1043 PJH, 2008 WL 11395482 (N.D. Cal. Dec. 5, 2008).

Given that Strike 3 seeks only the statutory minimum of $750 per infringed work, this factor weighs in favor of granting default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. However, upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV*, 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a)).

"As explained above, plaintiff has adequately pleaded its claim for copyright infringement. Defendant has failed to appear. Thus, the Court accepts the allegations as true. Because [Plaintiff's] factual allegations are presumed true, no factual disputes exist that would preclude the entry of default judgment." *Minx Int'l, Inc. v. Rue 21 Inc.*, No. 215CV05645CASPLAX, 2017 WL 2961546, at *4 (C.D. Cal. July 10, 2017); *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *see Adobe Sys. Inc*, No CV. 5:14-02140-RMW, 2016 WL 4728119 at *5 ("There is no genuine issue of material fact because the allegations in the complaint are taken as true."). Because the well-pleaded FAC makes a claim for copyright infringement, this factor favors entry of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Strike 3 provided adequate notice of this action, *see* ECF No. 22, yet Defendant made no appearance and failed to respond to

9

the present motion. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (citations and quotation marks omitted). Further, there is nothing in the record suggesting this failure is based on excusable neglect. *See Shanghai Automation*, 194 F. Supp. 2d at 1005 (default after proper service was not excusable neglect). Thus, this factor supports default judgment.

Indeed, when a Defendant has more than enough time to respond and fails to file an answer or appear in the action, it becomes apparent that he is deliberately choosing to not answer. *See Hearst Holdings, Inc. v. Kim*, No. CV074642GAFJWJX, 2008 WL 11336137, at *5 (C.D. Cal. Aug. 17, 2008). Accordingly, this factor favors entry of default judgment.

### 6. Policy Favoring Deciding a Case on its Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id.* "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). And a defendant's failure to appear makes a decision on the merits impracticable, if not impossible. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation and quotation marks omitted).

Given Defendant's failure to respond to service of process or appear in this action, a decision on the merits is impracticable. In situations such as this, Rule 55(b) allows the court to grant default judgment.

### 7. Summary of the *Eitel* Factors

Based on the analysis above, the undersigned finds each of the *Eitel* factors weighs in favor of granting default judgment. Accordingly, the undersigned **RECOMMENDS** the District Court **GRANT** the motion and enter default judgment against Defendant.

10

### C.  Relief Sought

Once liability is established, the plaintiff seeking default judgment must then establish that the requested relief is appropriate. *Bay Area Painters v. Alta Specialty*, 2008 WL 114931, at *3 (N.D. Cal. Jan. 10, 2008) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Strike 3 seeks:  statutory damages in the amount of $9,000.00, a permanent injunction against Defendant downloading or distributing Strike 3's copyrighted works without a license or express grant of permission from Strike 3, and recovery of costs.

#### 1.  Damages

The moving party has the burden to "prove up" the amount of damages. *United States v. Sundberg*, 2011 WL 3667458, at *6 (N.D. Cal. Aug. 22, 2011) (citation omitted).  Where the amount of damages "is liquid or capable of ascertainment from definite figures contained in documentary evidence or detailed affidavits, the Court may enter default judgment without a hearing on damages." *Id.*  (internal quotation marks and citation omitted); *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is entitled to recover and to give judgment accordingly.").  Similarly, if the plaintiff can meet its burden of proving an amount of damages "capable of mathematical calculation" through evidence, testimony, or written affidavit, there is no need for an evidentiary hearing on damages. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *Bd. of Trs. of the Boilermaker Vacation Trust v. Shelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

It is well-established that under the Copyright Act, "awards of statutory damages serve both compensatory and punitive purposes . . . ." *Sanrio, Inc. v. Jay Yoon*, No. CV 5:10-05930 EJD, 2012 WL 610451, at *4–5 (N.D. Cal. Feb. 24, 2012) (quoting *L.A. News Serv. v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)).  In particular, "[s]tatutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003).  The Copyright Act states that, "an infringer of copyright is liable for . . . statutory damages, as provided by subsection

(c)." 17 U.S.C. § 504(a)(2). Subsection (c) goes on to state that a plaintiff may recover "with respect to any one work, for which any one infringer is liable individually, [. . .] in a sum of not less than $750 or more than $30,000" and, if that "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* §§ 504(c)(1)–(2).

In regard to allegations of willfulness, they are "deemed to be true on default." *Cobbler Nevada*, No. CV 15-05313-EDL, 2016 WL 8453643 at *4 (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)). When it is alleged that a defendant willfully infringed a copyrighted work, "the Court must take these allegations as true." *Id*. "[A]vailable statutory damages range from $750 to $150,000." *Id*. In this case, Strike 3 is requesting the minimum statutory amount permitted under the Copyright Act - $750 for each work infringed, for a total of $9,000.00. Thus, the recovery sought is reasonable.

### 2. Permanent Injunctive Relief

The Copyright Act authorizes courts to issues permanent injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006). "As in numerous other BitTorrent cases . . . the four elements are established here." *Dallas Buyers Club, LLC v. Bui*, No. CV 14-1926-RAJ, 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (citation omitted).

First, Strike 3 has suffered irreparable harm. Not only has Defendant downloaded Strike 3's works, but he has also distributed the works through the BitTorrent network. And, due to the nature of BitTorrent, tracing the extent and magnitude of the damage is impossible. There is also no way for Strike 3 to know if Defendant continues to distribute Strike 3's copyrighted motion pictures. *Cf. Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is

1  sufficient to warrant entry of a permanent injunction."). To that end, monetary relief is inadequate
2  because the scope of the damage is far-reaching and ongoing.

3  Furthermore, Defendant will not suffer a hardship if this permanent injunction is entered
4  against him. Strike 3's injunction seeks to stop Defendant from continuing to download and
5  distribute its works without Strike 3's permission. Since Defendant never had permission or a
6  right to do this, he suffers no hardship by entry of a permanent injunction. The injunction does not
7  prohibit Defendant from obtaining access to expressive works – it simply requires him to do so
8  lawfully. On the other hand, Strike 3's hardship absent an injunction is significant. Specifically,
9  Strike 3 risks having more of its motion pictures distributed over the BitTorrent network wherein
10 additional peers download and distribute Strike 3's motion pictures to additional peers who
11 subsequently join. *See ME2 Prods., Inc. v. Pagaduan*, No. CV 17-00130 SOM-KJM, 2017 WL
12 8786920, at *5 (D. Haw. Dec. 29, 2017), *report and recommendation adopted as modified,* No.
13 CV 17-000130 SOM/KJM, 2018 WL 1069463 (D. Haw. Feb. 27, 2018) ("[W]ithout an injunction,
14 Defendant will likely be the source for others to repeatedly download the Works.").

15 Finally, the public interest is served by a permanent injunction because Strike 3's statutory
16 right to enforce its copyrights outweighs Defendant's interest in unlawfully distributing the
17 content for free. *See e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*., 518 F. Supp. 2d
18 1197, 1222 (C.D. Cal. 2007) (citation omitted) ("The public interest in receiving copyrighted
19 content for free is outweighed by the need to incentivize the creation of original works."); *UMG*
20 *Recordings, Inc. v. Blake*, No. CV 5:06-00120-BR, 2007 WL 1853956, at *3 (E.D.N.C. June 26,
21 2007) ("[T]here is a substantial public interest in preserving a copyright holder's exclusive rights
22 and no public interest will be disserved by enjoining Defendant from continuing this activity.").
23 Accordingly, all the foregoing factors make a permanent injunction against Defendant appropriate
24 and warranted.

25  **3.   Costs**

26 Under the Copyright Act, "the court in its discretion may allow the recovery of full costs
27 by or against any party[.]" 17 U.S.C.A. § 505. The filing fee and service of process fee are
28 considered reasonable costs in court cases. *Nat'l Photo Grp., LLC v. Pier Corp.,* No.

SACV131165DOCJPRX, 2014 WL 12576641, at *5 (C.D. Cal. Mar. 10, 2014) (holding that $400 for the filing fee and $65 for service of process is a reasonable cost).  Here, Strike 3 seeks to recover only its filing fee in the amount of $400.00 and the cost of $863.66 for service of process.  These costs are reasonable and should be awarded.[2]

## V.   CONCLUSION

Based on the above analysis, the undersigned **RECOMMENDS** the District Court **GRANT** Plaintiff Strike 3 Holdings, LLC's Motion for Default Judgment and enter judgment against [REDACTED].  The undersigned further **RECOMMENDS** the court issue a permanent injunction against [REDACTED]'s downloading or distributing Strike 3's copyrighted works without a license or express grant of permission from Strike 3.  The undersigned further **RECOMMENDS** the Court award Strike 3:

(1) Statutory damages in the amount of $9,000.00;

(3) Court filing fee in the amount of $400.00; and

(4) Service of process cost in the amount of $863.66.

Strike 3 shall serve a copy of this Report and Recommendation upon [REDACTED] and file proof of service thereafter.  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: March 20, 2019

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Strike 3's proposed order submitted with its motion for default judgment also requests an order under 17 U.S.C. § 503(b) requiring Defendant to destroy all copies of Strike 3's works that he has downloaded or transferred to any physical medium or device.  ECF No. 29-2.  However, Strike 3's memorandum of points and authorities in support of its motion for entry of default judgment contains no discussion of the proposed § 503(b) order and no argument concerning why such relief is appropriate.  Given the lack of any argument in favor of that remedy, the undersigned does not recommend issuing a destruction order.

14