UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.223.103.234,<br><br>  Defendant. | Case No. 18-cv-01173-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 35 |

Currently pending before the Court is Judge Hixson's report and recommendation ("R&R") on Plaintiff Strike 3 Holdings, LLC's motion for default judgment. *See* Docket No. 35 (R&R). In the R&R, Judge Hixson recommended that Strike 3's motion be granted, that a permanent injunction be entered in Strike 3's favor, and that Strike 3 be awarded $9,000 in statutory damages ($750 per infringed work) plus $1,263.66 in costs (representing the filing fee and the fee for service of process).

A copy of the R&R was served on Strike 3 when the R&R was filed on March 20, 2019. It appears that, thereafter, on April 3, 2019, Strike 3 personally served a copy of the R&R on Defendant (an individual whose identity is under seal). *See* Docket No. 38 (proof of service). As of date, the Court has not received an objection to Judge Hixson's R&R from either party. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

Although no party has objected to the R&R, the Court orders that Strike 3 file supplemental briefing and/or evidence to address the following. The Court's request for

information here is informed by Federal Rule of Civil Procedure 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to [*e.g.*] establish the truth of any allegation by evidence [or] investigate any other matter"), as well as the Ninth Circuit's decision, *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1146-47 (9th Cir. 2018) (noting that "[i]nternet providers . . . can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer" as "simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address"; adding that "[i]dentifying an infringer becomes even more difficult in instances . . . where numerous people live in and visit a facility that uses the same internet service" and, while this poses an "obstacle to naming the correct defendant, this complication does not change the plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer").

(1) Strike 3 alleges that the person to whom the ISP assigned the relevant IP address is Defendant's landlord. *See* FAC ¶ 33 ("The ISP, Comcast Cable, identified Defendant's landlord as the subscriber."). What is the name of Defendant's landlord? The name should be filed under seal. Does Strike 3 have any information as to whether the landlord lives at the residence at issue in Pleasant Hill? If so, Strike 3 shall provide that information.

(2) Strike 3 alleges that Defendant is a renter at the residence at issue in Pleasant Hill. How did Strike 3 determine Defendant is a renter?

(3) Has Strike 3 conducted an investigation to determine whether any other person lives at the residence? If so, Strike 3 shall provide information about its investigation. The proof of service for the operative complaint indicates that there is at least one other co-occupant. *See* Docket No. 22 (proof of service) (reflecting substitute service involving service on co-occupant).

(4) In the FAC, Strike 3 suggests that Defendant is likely the infringer, and not any other person who may live at the residence, because the download activity to the IP address

2

(movies, music, and television) matches Defendant's "publicly declared interests on Facebook" or at least corresponds to Defendant's "likes" on Facebook. FAC ¶¶ 35-36. What are specific examples of such matches and correspondence? Has Strike 3 done any investigation as to whether the download activity matches the interests or "likes" of any other people who live at the residence? If so, Strike 3 shall provide information about its investigation.

(5) Strike 3 shall provide all evidence it has to support its claim that Defendant, and not any other person at the residence, is the infringer.

Although the Court is ordering Strike 3 to provide the above information, Defendant may also provide any relevant information if he or she so chooses.

The supplemental briefing and/or evidence shall be filed by **May 3, 2019**.

Upon receipt of this order, Strike 3 shall immediately serve a copy of this order on Defendant. If Strike 3 has additional contact information for Defendant, such as an email address or phone number, it shall immediately inform Defendant of this order via those means as well. Within one week of the date of this order, Strike 3 shall file a declaration certifying service and describing all means by which Defendant was contacted.

**IT IS SO ORDERED**.

Dated: April 19, 2019

_____
EDWARD M. CHEN
United States District Judge